

IN THE
TENTH COURT OF APPEALS

—————————

No. 10-14-00216-CR

—————————

EX PARTE JUAN CARLOS MOREJON

—————————

From the County Court at Law No. 2
McLennan County, Texas
Trial Court No. 20140002HC2

MEMORANDUM OPINION

Juan Carlos Morejon pled guilty and was placed on community supervision in

2008 for the offense of theft by deception. His community supervision was discharged

in 2009.[1] He filed an application for writ of habeas corpus pursuant to article 11.072 of

the Texas Code of Criminal Procedure which was denied by the trial court. TEX. CODE

CRIM. PROC. ANN. art. 11.072 (West 2005). In one issue on appeal, Morejon contends the

trial court abused its discretion in denying Morejon's application for writ of habeas

---

[1] This factual recitation is taken from Morejon's application for writ of habeas corpus. We do not have a copy of the judgment in the underlying proceeding in the appellate record. No exhibits were attached to Morejon's application and no reporter's record was filed in this appeal because Morejon failed to pay for its preparation. We presume the underlying offense is a misdemeanor because Morejon alleged that the case originated in the County Court at Law which does not have jurisdiction of felony cases. *See* TEX. CODE CRIM. PROC. ANN. arts. 4.05, 4.07 (West 2005).

corpus, asserting his counsel was ineffective and thus, rendering his plea involuntary. Because the trial court did not abuse its discretion, we affirm the trial court's order denying Morejon's application for writ of habeas corpus.

Morejon alleged in his application that his guilty plea was involuntary because he was not advised, or sufficiently advised, by counsel of "the serious collateral consequences of his plea," including immigration consequences. In addition, he alleged that had he known that his plea would "seriously" affect his ability to remain in the country, he would have contested the charges against him. Specifically, Morejon contended that he entered his plea without the effective assistance of counsel because he was given inaccurate information on immigration consequences which rendered his plea involuntary pursuant to the United States Supreme Court decision in *Padilla*. *Padilla v. Kentucky*, 559 U.S. 356, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010). He also contended the trial court failed to admonish him pursuant to article 26.13 of the Texas Code of Criminal Procedure which ensures a defendant comprehends the consequences of his plea. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13 (West 2009).

An applicant for habeas corpus relief must prove his claim by a preponderance of the evidence. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006); *Ex parte Scott*, 190 S.W.3d 672, 673 (Tex. Crim. App. 2006) (per curiam). In reviewing the trial court's order denying habeas corpus relief, we view the facts in the light most favorable to the trial court's ruling. *See Kniatt*, 206 S.W.3d at 664. We will uphold the trial court's

ruling absent an abuse of discretion. *See id*. We afford almost total deference to the trial court's determination of the historical facts that the record supports. *See Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003) (per curiam), *overruled on other grounds by Ex parte Lewis*, 219 S.W.3d 335 (Tex. Crim. App. 2007). We likewise defer to the trial court's application of the law to the facts, if the resolution of the ultimate question turns on an evaluation of credibility and demeanor. *See id*.

Inaccurate advice regarding a non-citizen client's potential deportation *may* constitute ineffective assistance of counsel, if, for example, federal law clearly specifies that a defendant will be deported. *See Padilla v. Kentucky*, 559 U.S. 356, 130 S. Ct. 1473, 1482-83, 176 L. Ed. 2d 284 (2010). We do not know from this record if federal law clearly specified that Morejon would be deported.[2] Nevertheless, the rule announced in *Padilla* does not apply retroactively to the collateral review of a state criminal conviction that was final when the *Padilla* opinion was issued. *State v. Guerrero*, 400 S.W.3d 576, 587 (Tex. Crim. App. 2013). Morejon's conviction became final before *Padilla* was issued. Further, Morejon complains that the trial court failed to admonish him pursuant to article 26.13 of the Code of Criminal Procedure of possible immigration consequences. Article 26.13 does not apply to misdemeanor cases. *Id*. at 589. Thus, Morejon was not entitled to habeas-corpus relief based on a failure by his attorney, or the trial court, to

---

[2] We do not know what Morejon's immigration status was before his theft conviction or why or to what degree the conviction would affect his status. That information simply was not provided in Morejon's application or in the appellate record.

warn him, or warn him correctly, about collateral deportation consequences, if any. *See id* at 588.

Accordingly, the trial court did not abuse its discretion in denying Morejon's application for writ of habeas corpus. Morejon's sole issue is overruled, and the trial court's order is affirmed.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Affirmed
Opinion delivered and filed May 28, 2015
Do not publish
[CR25]

